EDWARD E. COLE
vs.
LILA MAE BOOTERY, INC.

Superior Court     New Haven County     File #55574

MEMORANDUM FILED OCTOBER 31, 1938.

Isadore Chaplowe, of New Haven, for Receiver.

CORNELL, J.  Paragraph 3 of the motion recites that "there are outstanding obligations of the administration of the receivership for rent, wages, receiver's fees, accountant's fees, etc., and other miscellaneous items."

Presumably these are liabilities of the receiver incurred pursuant to the orders of this Court or a judge thereof. Hence, in a certain sense they are items incurred on the faith and honor of this Court.  The motion does not say that they are released or that payment of them by this Court's receiver is waived.  On the contrary, the implication is that the assets of the receivership be discharged from the possession and control of the Court without any provision for the payment of expenses which arose while such assets were legally under administration here.  While there can be little doubt of the duty of this Court to order the delivery and control of such assets to a trustee in bankruptcy duly and properly appointed, it is quite another matter to say that it should not retain sufficient of said assets to insure that obligations incurred by it through the instrumentality of its own receiver in protecting and administering such assets prior to the appointment of a trustee in bankruptcy should not be kept for the purpose of and insofar as may be necessary to discharge such obligations.

In the absence of any statement in the motion bearing upon this phase of the matter and without prejudice to the filing of another motion containing the necessary information, the instant application is denied.